Filed 5/1/13  P. v. Rodriguez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PEDRO QUINONES RODRIGUEZ,<br><br>    Defendant and Appellant. | B242907<br><br>(Los Angeles County<br>Super. Ct. No. VA 119325) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Thomas McKnew, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

Pedro Quinones Rodriguez appeals from a judgment of conviction after a jury found him guilty of sex/sodomy with a child under 10, sexual penetration of a child under 10, and lewd act upon a child under 10. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting that this court review the record and determine whether any arguable issues exist on appeal. We have reviewed the entire record and find no arguable issue. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we provide a brief description of the facts and procedural history of the case.

Appellant and his wife used to babysit the victim, G.M. G.M. was 11 years old at the time of trial when she testified. She was in special education classes. When she was in third grade, appellant penetrated her anus with his penis. He did this to her more than two times. On another occasion, appellant used his finger to penetrate her vagina. He also penetrated her vagina with his penis "a lot" of times. These things would happen in the bathroom at appellant's house.

Appellant and his wife also used to babysit N. at their house. N. was eight years old. Appellant's wife is N.'s grandmother. Appellant "bad touch[ed]" N. more than once. This happened at appellant's house. He came into the bathroom when she was showering and touched her "private parts."

Detective Maricruz Perez of the Los Angeles County Sheriff's Department interviewed appellant. He told Detective Perez that he had penetrated G.M.'s vagina with his penis one time. He also said he touched her vagina one time with his hand, and penetrated her vagina with his finger one time. He said he had "massaged" her anus one time with his penis and put Vaseline on the area. He told the detective this all happened on two days in the bathroom of his house.

An amended information charged appellant with three counts of sex/sodomy with a child under the age of 10, one count of oral copulation/sexual penetration with a child under the age of 10, and seven counts of lewd acts upon a child. All three counts of sex/sodomy with a child, the single count of oral copulation/sexual penetration, and five counts of lewd

2

acts upon a child alleged G.M. was the victim. The remaining two counts of lewd acts upon a child alleged N. was the victim.

On the prosecutor's motion, the court dismissed four of the five counts for lewd acts upon G.M. The jury found appellant guilty of three counts of sex/sodomy with G.M., one count of sexual penetration with G.M., and one count of lewd act upon G.M. It found him not guilty of the remaining counts alleging lewd acts upon N.

The court sentenced appellant to a total of 31 years to life in state prison, consisting of (1) 25 years to life on the base count of sex/sodomy with a child under 10, (2) a concurrent term of 25 years to life on each of the other two counts of sex/sodomy with a child under 10, (3) a concurrent term of 15 years to life on the count of sexual penetration with a child under 10, and (4) a consecutive term of six years in state prison on the count of lewd act upon a child. Appellant filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent appellant on this appeal. After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *Wende, supra*, 25 Cal.3d at page 441. On December 24, 2012, we advised appellant that he had 30 days within which to submit any contentions or issues that he wished us to consider. Appellant did not file a supplement brief.

We have examined the entire record. We are satisfied that no arguable issues exist and that appellant's counsel has fully satisfied her responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279-284; *Wende, supra*, 25 Cal.3d at p. 441; see also *People v. Kelly, supra*, 40 Cal.4th at pp. 123-124.)

## DISPOSITION

The judgment is affirmed.

FLIER, J.

WE CONCUR:

BIGELOW, P. J.                    GRIMES, J.

3